934 F.2d 326
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro AHEDO, Defendant-Appellant.
 No. 89-2247.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1991.
 
 Before JOHN P. MOORE and BRORBY, Circuit Judges, and VAN BEBBER, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal following a conviction for the crime of possession of marijuana with intent to distribute. Defendant Ahedo raises three issues on appeal dealing with the admission of evidence and his sentencing. Finding no error, we affirm.
 
 
 2
 During a 3:00 a.m. routine "alienage" check of passengers aboard a Greyhound bus stopped at the border checkpoint in southern New Mexico, Border Patrol Agent Chris Salinas discovered defendant Ahedo. In contrast to the other bus passengers who appeared to be "sleepy, drowsy," Mr. Ahedo was "very alive and nervous." His "behavior wasn't normal," according to Agent Salinas. Believing Mr. Ahedo's actions were unusual and suspicious, Agent Salinas approached him and "asked his citizenship."
 
 
 3
 While talking to Mr. Ahedo, the agent spotted a bag at his feet. When Agent Salinas asked if he could look in the bag, Mr. Ahedo replied, "sure." The two men continued to converse, and Mr. Ahedo told the agent "where he was from, where he was coming from, where he was going, and so forth." The men then "got off the bus" and entered the checkpoint office.
 
 
 4
 When the men arrived inside the office, Agent Salinas again asked to look in the bag. Once more, Mr. Ahedo responded, "sure." The agent then noticed the bag was locked and asked Mr. Ahedo for the key. Mr. Ahedo replied he did not have a key but volunteered to cut the bag. He then produce a "nail clipper" and cut around the zipper closure.
 
 
 5
 Inside the bag, the agent discovered clothing and "a solid bundle [that] appeared to be ... a block of marijuana, or any [sic] contraband, something like that." Agent Salinas opened the bundle and cut off a piece of its contents and tested it. He claimed "it tested positive for what we test for marijuana."
 
 
 6
 Agent Salinas then placed the defendant under arrest and returned to the bus for other bags Mr. Ahedo had told him were still on the bus. The agent found one bag underneath the seat formerly occupied by Mr. Ahedo and one in the overhead carrier. Each contained marijuana.
 
 
 7
 On cross-examination, Agent Salinas testified he asked Mr. Ahedo to leave the bus so they would not "disturb the rest of the passengers on the bus. That's really the primary thing I was doing; and he agreed and walked out with me." When asked to redescribe Mr. Ahedo's demeanor prior to noticing the first bag, Agent Salinas said:
 
 
 8
 [H]e was--besides being nervous he was kind of overly friendly with me, looking both ways, looking up, looking down, just kind of not normal to what people we deal with and talk to every day, and that brought to my attention something--something about him.... [N]ot really a "gut feeling;" just a--a person who is not normal to his behavior at that hour in the morning.
 
 
 9
 No further evidence was produced, and on these facts the district court held: "The defendant's motion to suppress will be denied. The officer had voluntary consent to search the bag. There's no question as to the consent, so the motion to suppress will be denied."
 
 
 10
 On appeal, Mr. Ahedo argues Agent Salinas exceeded his authority under the circumstances by asking him to leave the bus. This argument was not raised in the trial court; therefore, no findings were made on the issue. Notwithstanding, we believe Agent Salinas identified "suspicious circumstances" in the defendant's behavior sufficient to warrant his removal to the checkpoint office. See, e.g., United States v. Johnson, 895 F.2d 693, 696, 698 (10th Cir.1990); United States v. Espinosa, 782 F.2d 888, 890-91 (10th Cir.1986). In light of Mr. Ahedo's consent to the search, this argument borders on the frivolous.
 
 
 11
 Mr. Ahedo argues the trial court erred in denying his motions in limine to prevent the government from introducing evidence of a former conviction. Granting or denying a motion in limine is discretionary with the trial court. Marino v. Otis Eng'g Corp., 839 F.2d 1404, 1408 (10th Cir.1988); United States v. Neal, 692 F.2d 1296, 1304 (10th Cir.1982). A ruling in advance of trial does not preclude the court from changing its ruling based on other developments during trial, Thweatt v. Ontko, 814 F.2d 1466, 1470 (10th Cir.1987), nor does such a ruling "relieve a party from the responsibility of making objections ..., during the course of trial." Id. (quoting Zehner v. Post Oak Oil Co., 640 P.2d 991, 995 (Okla.Ct.App.1981)). A party whose motion in limine is denied must still object to the introduction of evidence at trial to preserve the issue for appeal. Id.
 
 
 12
 Nothing in the record indicates Mr. Ahedo preserved this issue by objecting to the introduction of the questioned evidence. Indeed, he has not provided us with a transcript indicating the evidence was received, and if received, for what purpose. We find no merit in the argument.
 
 
 13
 After determining the guidelines do not take into account the sentence enhancement due to a prior related conviction that is set forth in 28 U.S.C. Sec. 841(b)(1), the trial court departed upward and sentenced Mr. Ahedo to sixty months plus a four-year term of supervised release. We believe that is the only way in which Sec. 841(b)(1) can be reconciled with Sec. 5G1.1 of the guidelines.
 
 
 14
 AFFIRMED.
 
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 *
 The Honorable G. Thomas Van Bebber, United States District Court Judge for the District of Kansas, sitting by designation